# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI CENTRAL DIVISION

SALVADOR CABRERA,                          )
                                           )
        Plaintiff,               )
                                           )
        v.                       )    Case No.  12-4066-CV-DPR
                                           )
CAROLYN W. COLVIN, Acting                  )
Commissioner of Social Security,[1]        )
                                           )
        Defendant.               )
                                           )

## MEMORANDUM AND ORDER

       An Administrative Law Judge ("ALJ") denied Social Security Disability Insurance Benefits Supplemental Security Income to Plaintiff Salvador Cabrera in a decision dated April 5, 2011 (Tr. 18-30).  The Appeals Counsel denied review.  Thus, the ALJ's decision became the Commissioner of Social Security's final decision denying Social Security Disability benefits. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1481.  For the reasons set forth below, the decision of the Commissioner of Social Security is **AFFIRMED**.

## LEGAL STANDARDS

       Judicial review of a denial of disability benefits is limited to whether there is substantial evidence on the record as a whole to support the Social Security Administration's decision. 42 U.S.C. § 405(g); *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009).  Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. V. NLRB*,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this action.

305 U.S. 197, 229 (1938)). "Substantial evidence on the record as a whole," however, requires a more exacting analysis, which also takes into account "whatever in the record fairly detracts from its weight." *Minor*, 574 F.3d at 627 (quoting *Wilson v. Sullivan*, 886 F.2d 172, 175 (8th Cir. 1989)). Thus, where it is possible to draw two inconsistent conclusions from the evidence, and one conclusion represents the ALJ's findings, a court must affirm the decision. *See Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992) (citing *Cruse v. Bowen*, 867 F.2d 1183, 1184 (8th Cir. 1989)). In other words, a court should not disturb an ALJ's denial of benefits if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id.* (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration. *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## ANALYSIS

The operative facts and arguments are thoroughly presented in the parties' briefs and will not be duplicated here. Plaintiff contends the ALJ failed to properly consider the opinion evidence in the record and erred in determining the claimant's residual functional capacity (RFC) (Doc. 9). The Court has reviewed the medical evidence in the record, the hearing testimony, and the ALJ's opinion, and finds, consistent with the arguments of the defendant, that the ALJ's decision is based upon substantial evidence on the record as a whole. The ALJ gave good reasons for the weight afforded to the medical opinions of record. He gave significant weight to certain opinions of Dr. Reddy, the claimant's treating psychiatrist, but

rejected Dr. Reddy's functional determinations because they were inconsistent with and not supported by other evidence in the record. Under the regulations, the ALJ is authorized to consider the supportability of a medical opinion. *See* 20 C.F.R. § 404.1527.

The ALJ also discussed in detail the basis for his RFC assessment. Specifically, the ALJ thoroughly analyzed the claimant's treatment history, objective medical findings, the opinions of treating and examining physicians, the claimant's subjective complaints, and his day-to-day activities and limitations. Taken together, the ALJ's RFC determination is based upon substantial evidence on the record as a whole. Moreover, the decision falls within the acceptable "zone of choice" of the finder of fact, to which the court gives great deference. Accordingly, the Court will not disturb the ALJ's denial of benefits.

Therefore, based on all the foregoing, **IT IS ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:  August 15, 2013**

 /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**